O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN POGGEL,<br><br>              Plaintiff,<br>    v.<br><br>LUFTHANSA GERMAN AIRLINES and EXPEDIA, INC. dba EXPEDIA.COM,<br><br>              Defendant. | Case No. 2:12-cv-04794-ODW(JEMx)<br><br>**ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT REMAND FOR LACK OF SUBJECT MATTER JURISDICTION** |

      The Court has received Defendant Deutsche Lufthansa Aktiengesellschaft, dba Lufthansa German Airlines's ("Lufthansa") Notice of Removal. Where the Defendant attempts to remove this action from state court, this Court is "obligated to consider *sua sponte* whether we have subject matter jurisdiction" over the instant claims. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The Court is unconvinced that it has subject matter jurisdiction over this action.

      Lufthansa fails to demonstrate a claim arising under federal law pursuant to 28 U.S.C. § 1331 that makes removal appropriate under 28 U.S.C. § 1441(b). To successfully assert a federal claim, the Defendants must prove that this action arises under federal law, rather than merely anticipating a federal defense. *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149 (1908). While the Airline Deregulation Act ("ADA"), 49 U.S.C. §§ 40101–44310, pre-empts claims based on states' regulation of airline

rates, routes, or services, claims with too tenuous a link to these factors do not trigger pre-emption. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 390 (1992). Furthermore, contractual obligations between an airline company and its customer are private obligations, not state actions, which may preclude pre-emption. *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 227–28 (1995).

The Court has carefully examined Defendant's Notice of Removal. On its face, it appears that the Complaint raises claims based only on private action, and those claims appear too tenuously linked to a state's regulation of airline rates, routes, or services to be preempted by the ADA. Accordingly, the Court hereby orders Defendant to show cause in writing no later than **June 21, 2012**, why this action should not be remanded for lack of subject matter jurisdiction. Defendant must clearly establish that the Complaint includes a claim arising under a federal question or, if none, diversity of citizenship with the appropriate amount in controversy. No oral argument of this matter will be heard unless ordered by the Court.

**IT IS SO ORDERED.**

June 11, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**