Scott D. Cunningham (State Bar No.: 200413)
Email: scunningham@condonlaw.com
Ivy L. Nowinski (State Bar No.: 268564)
Email: inowinski@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile:  (310) 557-1299

Attorneys for Defendant
DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT,
doing business as "LUFTHANSA GERMAN AIRLINES"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN POGGEL,<br><br>    Plaintiff,<br><br>    vs.<br><br>LUFTHANSA GERMAN AIRLINES and EXPEDIA, INC. dba EXPEDIA.COM,<br><br>    Defendants. | Case No. CV 12-4794 OW (JEMx)<br><br>**RESPONSE OF DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT TO OSC RE REMAND** |

Defendant Deutsche Lufthansa Aktiengesellschaft, doing business as "Lufthansa German Airlines" ("Lufthansa"), by and through its attorneys, Condon & Forsyth LLP, hereby submits its response to the Court's Order to Show Cause re Remand to state court as follows:

//

//

//

//

//

//

//

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The removal of this action from state to federal court is proper because this case is preempted by the Airline Deregulation Act. Plaintiff Sebastian Poggel ("plaintiff") has alleged in his small claims complaint that Lufthansa and Expedia, Inc. ("Expedia") refused to honor airline tickets he purchased for carriage on two Lufthansa flights. The two tickets at issue were immediately refuted by Lufthansa because they were inadvertently posted on Expedia's website at an incorrect rate due to a date entry error. The instant action is plaintiff's state law enforcement action to enforce the incorrect rates. Accordingly, this suit affects the "rates, routes and services" of Lufthansa and is thus preempted by the Airline Deregulation Act.

### FACTS

As this is a small claims matter, the plaintiff's small claims complaint does not contain a thorough explanation of plaintiff's lawsuit, or upon which theories of liability he seeks recovery. Lufthansa offers this explanation of facts in an attempt to objectively flesh out the nature of plaintiff's complaint.

On March 14, 2012, plaintiff purchased two first class Lufthansa tickets for round-trip carriage from Prague, Czechoslovakia, with intermediate stopping points in Frankfurt, Germany, Johannesburg, South Africa, and Capetown, South Africa. *See* Exhibit "A" to declaration of Ivy L. Nowinski ("Nowinski decl.") [April 5, 2012 e-mail from plaintiff to Lufthansa].

Plaintiff was informed by Lufthansa on March 23, 2012 that Lufthansa refuted these contracts of carriage, because the ticket rates were erroneously priced on Expedia's website due to a data entry error. *See* Exhibit "B" to Nowinski decl. [March 23, 2012 letter from Lufthansa to plaintiff]. In its March 23, 2012 letter,

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  Lufthansa offered plaintiff fourteen days to purchase the tickets at a substantially
2  discounted price.  *Id.*
3        On April 4, 2012, Expedia notified plaintiff that his passenger tickets were
4  cancelled by Lufthansa due to an error with respect to the rates posted on its
5  website.  *See* Exhibit "C" to Nowinski decl. [April 4, 2012 e-mail from Expedia to
6  plaintiff].
7        On April 11, 2012, Expedia notified plaintiff that it was unable to reinstate
8  plaintiff's flights at the price he originally paid.  Expedia also notified plaintiff that
9  its Terms of Use, published on its website at the time plaintiff purchased his
10 tickets, provided that "Expedia, Inc. expressly reserves the right to correct any
11 pricing errors on our website and/or on pending reservations made under an
12 incorrect price."   *See* Exhibit "D" to Nowinski decl. [April 11, 2012 letter from
13 Expedia to plaintiff].
14       On April 12, 2012, plaintiff filed the instant action, seeking recovery for the
15 tickets he purchased at an incorrect rate.  See Exhibit "E" to Nowinski decl.
16 [plaintiff's complaint].  Plaintiff's complaint contains only the following statement
17 as to its theory of liability against Lufthansa: "Lufthansa and it's [sic] agent
18 Expedia refuse [sic] to honor two airline tickets (No. 220-7045046605 and 220-
19 7045068524) purchased.  The plaintiff requires a replacement and relief for
20 damages."
21       Lufthansa was served with a copy of the summons and complaint on May
22 17, 2012.  Lufthansa timely filed its notice of removal on June 12, 2012.
23
24                              **ANALYSIS**
25       This action has been properly removed from the Los Angeles County
26 Superior Court to the United States District Court for the Central District of
27 California because plaintiff's lawsuit is a state law enforcement action relating to
28 Lufthansa's rates, routes, and services.

The Airline Deregulation Act expressly prohibits states from enacting or enforcing any law relating to the "price, route, or service of an air carrier. 49 U.S.C. § 41713(b)(1) (West 2012). The Supreme Court has addressed preemption under the Airline Deregulation Act a number of times, most notably in *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992); *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995); and *Rowe v. N.H. Motor Transp. Association*, 552 U.S. 364, 128 S.Ct. 989, 169 L.Ed.2d 933 (2008). In *Morales*, the Supreme Court noted that Congress enacted the Airline Deregulation Act to deregulate domestic air transport, and included the preemption clause "[t]o ensure that the States would not undo federal deregulation with regulation of their own." *Morales*, 504 U.S. at 378, 112 S.Ct. 2031. The Supreme Court has also held that the Airline Deregulation Act "was designed to promote maximum reliance on competitive market forces." *Wolens*, 513 U.S. at 230, 115 S.Ct. 817 (*quotation marks omitted*); 49 U.S.C. § 40101(a)(6).

In *Morales*, the Supreme Court held that a state law or enforcement action is "related to" a "price, route, or service" if it "has a connection with or reference to" a "price, route, or service," *see Morales* at 384–88, 112 S.Ct. 2031. At the same time, even if a claim does relate to "price," the ADA preemption clause does not "shelter airlines from suits alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." *Wolens*, 513 U.S. at 228, 115 S.Ct. 817.

The relevant Ninth Circuit precedent is *Sanchez v. Aerovias De Mexico, S.A. De C.V.*, 590 F.3d 1027, 1028 (9th Cir. 2010). In that case, the plaintiff purchased a ticket to fly from California to Mexico. *Id.* The airline collected a tourism tax for the Mexican government from which she was exempt. *Id.* Plaintiff sought relief under California state law for breach of contract and the implied covenant of good faith and fair dealing, as well as for unjust enrichment and

1 money had and received from the defendant airline. *Id.* The district court
2 concluded that these claims were preempted by the Airline Deregulation Act
3 because they related to the airline's "price[s], route[s], or service[s]," and were not
4 excepted under *Wolens* because Aeromexico had no contractual obligation to
5 advise passengers about the tax or their right to a refund. *Id.* (*internal citations
6 omitted*). The Ninth Circuit affirmed. *Id.* at 1032.

Just as in *Sanchez*, the instant lawsuit is an attempted state law enforcement action related to Lufthansa's "prices, routes, and services," because plaintiff is attempting to enforce an incorrect Lufthansa fare. Furthermore, just as in *Sanchez*, this case is not excepted from preemption under the Airline Deregulation Act because Lufthansa had no contractual obligation to honor plaintiff's tickets purchased at an incorrect price. *Balistreri v. Nevada Livestock Product Credit Ass'n*, 214 Cal.App. 3d 635, 642, 262 Cal. Rptr. 862 (1989). No contract was formed between the parties, because, due to the clerical error, there was no meeting of the minds. *Id.* Accordingly, Lufthansa properly removed plaintiff's action from the state to the federal court because plaintiff's lawsuit is an attempt to enforce Lufthansa's prices under state law.

## CONCLUSION

For all of the foregoing reasons, the removal of this action from the state to the federal court was proper because plaintiff's lawsuit is a state law enforcement action relating to the price of Lufthansa tickets, and this Court should retain jurisdiction over this action.

/ /
/ /
/ /
/ /
/ /

1 | Dated: June 20, 2012     CONDON & FORSYTH LLP

By: /s/ Ivy L. Nowinski
SCOTT D. CUNNINGHAM
IVY L. NOWINSKI
Attorneys for Defendant
DEUTSCHE LUFTHANSA
AKTIENGESELLSCHAFT, doing business
as LUFTHANSA GERMAN AIRLINES

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

RESPONSE TO OSC RE REMAND
CASE NO.: CV12-4794 OW (JEMX)
- 6 -
LAOFFICE 24039V.1