**O**

**JS-6**

cc: order, docket, remand letter to
Los Angeles Superior Court,
Beverly Hills, No. 12 S 00593

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBASTIAN POGGEL,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>LUFTHANSA GERMAN ARILINES and EXPEDIA, INC. dba EXPEDIA.COM,<br><br>　　　　　　Defendant. | Case No. 2:12-cv-04794-ODW (JEMx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

　　　　The Court is in receipt of Defendant Deutsche Lufthansa Aktiengesellschaft, doing business as Lufthansa German Airlines's ("Lufthansa") Notice of Removal and Response to this Court's June 14, 2012 Order to Show Cause Why this Court Should Not Remand for Lack of Subject Matter Jurisdiction. (ECF Nos. 1, 12, 14.) Having carefully considered the papers filed in conjunction with the Notice and Response, the Court determines that it lacks subject matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles County Superior Court.

　　　　Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had

original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.*

A case removed from state court should be remanded if it appears that it was removed improvidently. 28 U.S.C. § 1447(c). "Because the 'removal statutes are strictly construed against removal,' doubts about removal must be resolved in favor of remand." *Dodd v. John Hancock Mut. Life Ins. Co.,* 688 F. Supp. 564, 566 (E.D. Cal. 1988) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

Plaintiff brought this action in small claims court alleging that Defendants Lufthansa and Expedia, Inc. refused to honor airline tickets he purchased for carriage on two Lufthansa flights. According to Lufthansa's Response to this Court's Order to Show Cause, Lufthansa immediately refuted the two tickets at issue because those tickets were inadvertently posted on Expedia's website at an incorrect rate due to a date-entry error.

Lufthansa claims that this Court has federal question subject matter jurisdiction over what it describes as Plaintiff's "state law enforcement action to enforce the incorrect rates" because Plaintiff's claim arises under the Airline Deregulation Act of

1978 ("ADA"), Pub. L. No. 95-504, 92 Stat. 1705 (codified as amended at 49 U.S.C. §§ 40101–44310 (2012)). (Response to OSC 2; Notice of Removal ¶ 3.) Specifically, Defendant contends that "[t]he ADA expressly preempts states from enacting or enforcing laws, regulations, or other provisions having the force and effect of law related to a price, route or service of an air carrier." (Notice of Removal ¶ 4 (citing 49 U.S.C. 41713(b)).

Lufthansa's contentions are without merit. In *Wayne v. DHL Worldwide Express*, the Ninth Circuit explicitly considered whether a case was properly removed to federal court where the defendant argued plaintiff's claims were preempted by the ADA. 293 F.3d 1179, 1182 (2002). The Court noted that "[b]ecause preemption as a defense does not provide a basis for federal jurisdiction, a separate basis of federal question jurisdiction over [plaintiff's] complaint must exist before removal was proper." *Id.* at 1183. The Ninth Circuit proceeded to hold that "the ADA does not provide a basis for federal jurisdiction under the complete preemption doctrine," *id.* at 1184; that the plaintiff's claim did not arise under federal common law (for reasons irrelevant to the present case), *id* at 1185; and that the plaintiff's case did not arise under a federal statute or treaty because "the ADA does not create a private cause of action." *Id.*

*Wayne* is squarely on point here. Plaintiff's breach-of-contract action could not originally have been brought in federal court, as Plaintiff's claim does not arise under federal common law. Moreover, the ADA does not create a private cause of action, nor provide a basis for federal jurisdiction under the complete preemption doctrine.

In addition, the Court notes that this case is not be preempted by the ADA at all. The Supreme Court has held that the ADA preemption clause does not "shelter airlines from suits alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1992). In other words, an airline's contracts with its passengers—like Lufthansa's contract with Plaintiff—are

enforceable under state contract law. Lufthansa contends that this exception is inapposite in this case, as "[n]o contract was formed between the parties, because, due to the clerical error, there was no meeting of the minds" and thus no enforceable contract. (Response to OSC 5.) But this argument is nothing more than a defense to a claim for breach of contract that fails to give rise to federal jurisdiction.

For the reasons discussed above, the Court finds that it lacks jurisdiction over this action. Accordingly, this case is hereby **REMANDED** to the Los Angeles County Superior Court. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

June 20, 2012

_____
**HON. OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**